IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| U.S. BANK NA, SUCCESSOR TRUSTEE TO BANK OF AMERICA, NA, SUCCESSOR IN INTEREST TO LASALLE BANK NATIONAL ASSOCIATION, AS TRUSTEE, ON BEHALF OF THE HOLDERS OF THE BEAR STEARNS ASSET BACKED SECURITIES I TRUST 2004-HE10, ASSET-BACKED CERTIFICATES, SERIES 2004-HE-10,<br>　　　Plaintiff,<br><br>v.<br><br>ISRAEL F. CADENA and SANDRA CADENA,<br>　　　Defendants. | §§§§§§§§§§§§§§§§§  Civil Action No. 4:22-cv-01120 |

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff U.S. Bank NA, successor trustee to Bank of America, NA, successor in interest to Lasalle Bank National Association, as trustee, on behalf of the holders of the Bear Stearns Asset Backed Securities I Trust 2004-HE10, Asset-Backed Certificates, Series 2004-HE-10 ("Plaintiff") files this, its Original Complaint, complaining of Defendants Israel F. Cadena and Sandra Cadena ("Defendants"), and respectfully shows the Court as follows:

### I. PARTIES

1.　Plaintiff is appearing through its undersigned counsel for record.

2.　Defendant Israel F. Cadena is an individual and citizen of Texas who may be served at his residence, 5426 Lotus St., Houston, TX 77085, or such other place as he is located. Summons is requested.

3. Defendant Sandra Cadena is an individual and citizen of Texas who may be served at her residence, 5426 Lotus St., Houston, TX 77085, or such other place as she is located. Summons is requested.

## II. JURISDICTION AND VENUE

4. This Court has jurisdiction over this dispute under 28 U.S.C. Section 1332 because there is complete diversity between Plaintiff and Defendants and the amount in controversy exceeds $75,000.00.

5. Plaintiff U.S. Bank is the trustee of a trust. If a trustee possesses "customary powers to hold, manage, and dispose of assets," then it is the real party in interest to a suit. *Navarro Sav. Assoc. v. Lee*, 446 U.S. 458, 464 (1980); *see U.S. Bank N.A. v. Nesbitt Bellevue Prop. LLC*, 859 F. Supp. 2d 602, 606 (S.D.N.Y. 2012). When a trustee is the real party in interest, its citizenship—not the citizenship of the beneficiaries of the trust—controls for purposes of diversity jurisdiction. *Navarro*, 446 U.S. at 464–66. That is, when the trustee has control of assets for the benefit of another and has the power to sue or be sued in its own name (and does so), the trustee's citizenship is "all that matters for diversity purposes." *Americold Realty Trust v. ConAgra Foods Inc.*, 136 S.Ct. 1012, 1016, No. 14-1382, slip op. at 5 (Mar. 7, 2016) (citing *Navarro*, 446 U.S. at 462–66). U.S. Bank is a national banking association. A national banking association is considered a citizen of the state in which it is located. 28 U.S.C. § 1348. Its location is determined by the state of its main office, as established in the bank's articles of association. *Wachovia Bank, NA v. Schmidt*, 546 U.S. 303, 318 (2006). U.S. Bank is, and at all times relevant to this action was, a national association bank with its main office located in Cincinnati, Ohio. Thus, Plaintiff is a citizen of Ohio, and no other state, for purposes of diversity jurisdiction.

6. Defendants are each individuals and citizens of the state of Texas.

7. Due to Defendants' conduct, as alleged herein, Plaintiff has the right to foreclose upon the real property which secures the repayment of a debt pursuant to a secured lien. The amount in controversy in a suit for a declaratory judgment for the right to proceed with foreclosure of real property is the fair market value of the property to be foreclosed. As of the date of this Complaint, the fair market value of the subject real property is at least $445,960.00. Alternatively, when seeking foreclosure pursuant to a lien securing the repayment of a debt, the outstanding amount owed on the debt is the amount in controversy. *Farmers Bank of Alexandria v. Hooff*, 32 U.S. 168, 170 (1833). As of October 18, 2021, the total amount owed on the debt at issue was $133,573.12, with additional interest and amounts accruing. There is no dispute the $75,000.00 minimum-amount-in controversy threshold is met.

8. Venue is proper in the United States District Court for the Southern District of Texas, Houston Division under 28 U.S.C. Section 1391(a)(2) because a substantial part of the events and omissions that give rise to the controversy occurred in this Division and District. Plaintiff, or its predecessors in interest, and Defendants entered into contracts in this Division and District, and the Property is located in Harris County, Texas, which is within this Division and District.

### III. FACTS

9. On or about April 17, 2000, Defendants purchased the real property and improvements located at 5426 Lotus St., Houston, TX 77085 and more particularly described as:

> LOT 8, IN BLOCK 1 OF POST OAK PLACE, A SUBDIVISION
> IN HARRIS COUNTY, TEXAS, ACCORDING TO THE MAP OR
> PLAT THEREOF RECORDED IN VOLUME 47, PAGE 17 OF
> THE MAP RECORDS OF HARRIS COUNTY, TEXAS

(the "Property"). A Special Warranty Deed with Vendor's Lien was recorded in the real property records of Harris County, Texas under Instrument No. U343662. In connection with their purchase

of the Property, Defendants granted a first lien on the Property in favor of Houston Savings Bank, FSB to secure the purchase money loan in the original principal amount of $56,900.00. The Deed of Trust in favor of HS Mortgage Acceptance Corporation, recorded in the real property records of Harris County, Texas under Instrument No. U343663, had a maturity date of May 1, 2030.

10. On or about July 19, 2004, Defendant Sandra Cadena refinanced the first lien with a Texas Home Equity Note (the "Note"), in the original principal amount of $78,400.00 payable to Town and Country Credit Corp. ("Town and Country"). A true and correct copy of the Note is attached hereto as Exhibit A.

11. Contemporaneously therewith, Sandra Cadena and Israel F. Cadena executed a Texas Home Equity Security Instrument (with accompanying riders, the "Security Instrument"), securing payment of the Note with a first lien on the Property. The Security Instrument was recorded in the real property records of Harris County, Texas on July 19, 2004 under Instrument No. X801637, and a true and correct copy of the Security Instrument and corresponding Texas Home Equity Affidavit and Agreement is attached hereto as Exhibit B. The Note and Security Instrument are collectively referred to as the "Loan Agreement."

12. Proceeds from the loan in the amount of $55,248.78 were used to pay Countrywide Home Loans to satisfy the amount due on the purchase money loan.

13. Town and Country assigned the Loan Agreement to Ameriquest Mortgage Company ("Ameriquest"), and an Assignment of Deed of Trust was recorded in the real property records of Harris County, Texas under Instrument No. Z543410 on August 21, 2006.

14. Ameriquest assigned the Loan Agreement to Mortgage Electronic Registration Systems, Inc. ("MERS"), and an Assignment of Deed of Trust was recorded in the real property records of Harris County, Texas under Instrument No. Z541816 on August 18, 2006.

15.     MERS then assigned the Loan Agreement to Plaintiff, and a written assignment was recorded in in the official public records of Harris County, Texas on June 15, 2012 under Instrument No. 20120266403.

16.     Under the terms of the Loan Agreement, Defendants are required to pay when due the principal and interest on the debt evidenced by the Note, as well as any applicable charges and fees due under the Note.

17.     The Loan Agreement further provides that should the Defendants fail to make payments on the Note as they became due and payable or fail to comply with any or all of the covenants and conditions of the Security Instrument, that the lender may enforce the Security Instrument by selling the Property according to law and in accordance with the provisions set out in the Loan Agreement.

18.     Defendants failed to pay the amounts owed on the Loan Agreement and on August 25, 2021, the loan servicer for Plaintiff mailed to Defendants notice of default and intent to accelerate via regular U.S. mail and certified mail, postage prepaid, the Property address and address of record for them, 5426 Lotus St., Houston, TX 77085.

19.     Defendants have failed to cure the default despite demand and all payments due on the Loan are hereby accelerated. Defendants are due for the August 1, 2019 payment and all subsequent payments.

### IV. CAUSE OF ACTION: NON-JUDICIAL FORECLOSURE

20.     The foregoing paragraphs are incorporated by reference for all purposes.

21.     In the strict alternative, Plaintiff seeks a new judgment authorizing foreclosure pursuant to the terms of the Loan Agreement and Texas Property Code Section 51.002.

22.     A public auction of the Property in conjunction with all other regularly scheduled

non-judicial foreclosure sales on the first Tuesday of the month would provide the most practical, efficient, and effective means to enforce Plaintiff's security interest in the Property. Because the rights, responsibilities, and duties of Plaintiff and the trustee are well known under Texas Property Code Section 51.002 and Texas case law, a public auction conducted in the same manner as a non-judicial foreclosure sale would meet all constitutional standards of due process and would be the most expedient means to put the Property back into the stream of commerce and the housing stock of the community.

## V. ALTERNATIVE CAUSE OF ACTION – JUDICIAL FORECLOSURE

23. The foregoing paragraphs are incorporated by reference for all purposes.

24. In the alternative, for failure to cure the default of the Loan Agreement, Plaintiff seeks to enforce its security interest against the Property in an amount equal to the payoff at the time of judgment.

25. Plaintiff seeks a judgment for judicial foreclosure together with an order of sale issued to the sheriff or constable of the county where the Property is located directing the sheriff or constable to seize and sell the Property in satisfaction of the Loan Agreement debt, pursuant to Texas Rule of Civil Procedure 309. Plaintiff also seeks a writ of possession should it acquire title to the Property after sale as provided in Texas Rule of Civil Procedure 310.

## VI. ALTERNATIVE CAUSE OF ACTION – EQUITABLE SUBROGATION

26. The foregoing paragraphs are incorporated by reference for all purposes.

27. "Equitable subrogation 'is a legal fiction' whereby an obligation, extinguished by a payment made by a third person, is treated as still subsisting for the benefit of this third person, so that by means of it one creditor is substituted to the rights, remedies, and securities of another." *Bank of Am. v. Babu*, 340 S.W.3d 917, 925 (Tex. App.—Dallas 2011, no pet.); *Premium Plastics*

*v. Seattle Specialty Ins. Servs., Inc.*, No. CIV.A. H-10-3960, 2012 U.S. Dist. LEXIS 40784, 2012 WL 1029528, at *4 (S.D. Tex. Mar. 26, 2012), *aff'd*, 544 Fed. Appx. 287 (5th Cir. 2013). The general purpose of equitable subrogation is to prevent unjust enrichment of the debtor. *First Nat'l Bank of Kerrville v. O'Dell*, 856 S.W.2d 410, 415 (Tex. 1993).

28. Plaintiff is entitled to equitable subrogation as Defendants received the loan funds, of which approximately $55,248.78 of said funds were used to pay and/or extinguish a prior lien on the Property. Additional amounts may have been advanced by Plaintiff for taxes and insurance due on the property.

29. Due to the default on the Note, Plaintiff seeks judgment declaring it is subrogated to the superior interest of the prior lienholder(s) and/or taxing authorities on the Property, the Note to be in default, and permitting foreclosure on the Property so that Plaintiff may recoup the moneys expended to pay off prior secured debts.

### VII. ATTORNEY'S FEES

30. The foregoing paragraphs are incorporated by reference for all purposes.

31. Plaintiff is entitled to recover its reasonable and necessary attorney fees under the loan documents and pursuant to Texas Civil Practice and Remedies Code 38.001. Attorney fees are not sought as a personal judgment against the Defendants, but only as an additional debt secured by the Security Instrument.

### VIII. CONDITIONS PRECEDENT

32. The foregoing paragraphs are incorporated by reference for all purposes.

33. All conditions precedent have been performed or have occurred.

# IX. PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff requests that the Defendants be summoned to appear and answer, and that, upon final hearing, Plaintiff have and recover a judgment allowing Plaintiff to proceed with non-judicial foreclosure in accordance with the Security Instrument, TEX. R. CIV. P. 735 and Texas Property Code section 51.002, or, alternatively, through a judgment for judicial foreclosure instructing a marshal or sheriff to seize and sell the Property in satisfaction of the judgment; plus its interest and attorney fees and all costs of suit. Plaintiff further requests such other and further relief to which it may be entitled at law or in equity.

Respectfully submitted,

By: */s/ Mark D. Cronenwett*
**MARK D. CRONENWETT**
Texas Bar No. 00787303
Southern District No. 21340
mcronenwett@mwzmlaw.com

**MACKIE, WOLF, ZIENTZ & MANN, PC**
14160 N. Dallas Parkway, Suite 900
Dallas, Texas 75254
Telephone: (214) 635-2650
Facsimile: (214) 635-2686

*Attorneys for Plaintiff*